MENDELSON v. SHEFFIELD.

(*Superior Court of New York City, General Term.* March 2, 1891.)

1. PROMISSORY NOTES—ACTION—EVIDENCE.
   In an action by an indorsee, after maturity, against the maker of promissory notes, where the defense is that the indorser obtained them from defendant by means of false and fraudulent representations, it is not error to refuse to permit defendant to ask the indorser, as a witness, if he has any of the notes against defendant except those in suit, as such question is immaterial to the defense.

2. .SAME—BURDEN OF PROOF.
   In an action by an indorsee after maturity against the maker of notes, where the defense that they were obtained by the indorser by fraud is alone sustained by the testimony of defendant, the burden is not put on plaintiff to prove want of notice or knowledge of the alleged fraud, for, defendant being an interested witness, it is still for the jury to say what credence they should give his testimony.

3. TRIAL—EXCLUSION OF EVIDENCE—HARMLESS ERROR.
   The erroneous refusal to allow a question is not reversible error, where the question is, in substance, subsequently allowed.

Appeal from special term.

The action was brought to recover on three promissory notes made by the defendant to the order of one H. A. Parr, and by said Parr indorsed and delivered after maturity to the plaintiff. The answer set up as a defense that

the notes were obtained by said Parr from the defendant by means of certain false and fraudulent representations.

Argued before SEDGWICK, C. J., and TRUAX, J.

*W. D. Edmonds,* for appellant. *Fullerton & Rushmore,* for respondent.

TRUAX, J.   The case is so poorly prepared that it is difficult to tell what exceptions were taken by the appellant.   It contains exceptions taken by the plaintiff, exceptions by the defendant, and "exceptions."   It was not error for the trial judge to sustain the objection to the question asked the witness Parr, "Have you any of the notes against him [the defendant] except those that are in suit?"   The question was immaterial, and neither showed, nor tended to show, that the notes in suit were obtained by means of false and fraudulent representations.   The defendant was put on the stand, and testified that "he [Parr] always reported that he was trying to do all he could, but he never got any evidence.   I believe implicitly that he was doing all he could."   This was stricken out, and the defendant excepted.   I infer that the last sentence is that portion of the answer that was stricken out, because the first sentence is responsive to the question that was asked while the last is not.   It was rightly striken out also, because the belief of the defendant was immaterial.

The next alleged error to which our attention has been called is the ruling of the court in sustaining an objection to the question asked the defendant, "Tell me, as far as you can recollect, what statements were made to you during this period by Doctor Parr in reference to the services which he was rendering under this sixty dollars a week arrangement?"   It is true that this question was ruled out, but subsequently the witness was asked, "I don't want your belief, but what he said to you,—the substance of it;" and this was allowed, and the witness gave the statements that were made to him by Dr. Parr.   Certain conclusions and statements made by the defendant, statements not responsive to questions asked, were stricken out, and the defendant excepted.   The rulings of the court were not erroneous.   Many of the answers stricken out had nothing whatever to do with the case.   At the close of the case the defendant moved to dismiss the complaint, and for judgment, on the ground that the plaintiff had failed to adduce testimony sufficient to entitle him to a judgment in view of the defendant's testimony.   The claim of the defendant is that he had adduced evidence showing that the notes in suit were obtained from him by fraud, and that plaintiff, being a subsequent transferee of these notes, was bound to prove that he had no notice or knowledge of the alleged fraud.   But even if the defendant had adduced evidence showing that the notes were obtained from him by fraud, this evidence was testimony given by himself, and, as he was an interested witness, it still was a question for the jury to say how much or what credence they should give to his testimony.   I am also of the opinion that the testimony was not sufficient to warrant the jury in finding that the notes were obtained by fraud.   The defendant requested the court to charge "that, the defendant having inserted into this case proof of fraud, the burden of proof shifts, and is upon the plaintiff to overcome that testimony as to fraud."   The court refused to charge, except as it had already charged, and the defendant duly excepted.   The court had already, in substance, charged that, if any of the notes were obtained from the defendant by means of the false and fraudulent representations of the payee, (Parr,) they must find for the defendant as to the note or notes.   This was as favorable for the defendant as he had a right to ask, and the court was not bound to go over it again, or to charge it in the exact words proposed by the defendant's counsel.   Judgment and order appealed from are affirmed, with costs.